HENRY C. POHLE *et al. vs.* R. I. FOOD DEALERS
ASSOCIATION, INC.

JUNE 29, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity brought by members
of the respondent corporation to enjoin that corporation
from holding further meetings under its incumbent officers,
and from withdrawing or transferring any of respondent's
funds.   The cause was heard on bill, answer, replication and
evidence by a justice of the superior court, who thereupon
granted the complainants' prayers for injunctive relief.   A
decree accordingly was entered and the cause is before us
upon the respondent's appeal from that decree.

The respondent corporation was organized in July 1937,
as a nonbusiness corporation, under general laws 1923, chap-

ter 248.  At its first annual meeting, on July 12, 1938, two groups of candidates for the various offices of the corporation were nominated, the first being composed of these complainants, and the other composed of members who were then and now holding these offices.  The latter group will be referred to as "incumbent officers".  It was agreed that all members were duly notified in writing of the annual meeting; that all candidates for offices were members in good standing; that the meeting was properly called; and that a quorum of all members was present.  At that meeting votes by proxies were offered solely on behalf of the incumbent officers and the presiding officer ruled, over complainants' strenuous objections, that voting by proxy was valid and would be allowed.

Thereupon, by counting such "proxy votes" for the incumbent group, they were declared elected over the continued objections of complainants. This bill was then brought by complainants and the injunction prayed for was granted. It was expressly agreed by the parties that the complainants are entitled to the relief granted in the decree, if the "proxy votes" in question were for any reason improper; and conversely that, if such "proxy votes" were proper, the incumbent officers were duly elected and the decree should be reversed.

The respondent relies chiefly on the provisions of sec. 75 of chap. 248, G. L. 1923, the pertinent part of which reads: "Every corporation to which this article applies shall have power and authority to do any lawful act which is necessary or proper to accomplish the purposes of its incorporation. Without limiting or enlarging the effect of this general grant of authority, it is hereby specifically provided that every such corporation shall have power: (a) . . . (e) to make by-laws . . . determining . . . the manner of calling and conducting meetings of its members and directors, the manner of

electing its officers and directors, the mode of voting by proxy . . . ."

The respondent argues that voting by proxy is *proper* to accomplish the purposes of the corporation and therefore is impliedly authorized by the first sentence of that section. It also argues that the authority to make bylaws determining "the mode of voting by proxy" postulates the right to vote by proxy; and that the words, "the mode of voting" in sub-paragraph (e) refer only to the form and details of the method of exercising that right. We cannot agree with these contentions. The respondent does not deny that voting by proxy at corporate elections was not permitted at common law and therefore that it requires statutory authorization, express or implied.

Section 75 of chap. 248 confers upon the corporation itself, not upon the individuals, the power to authorize voting by proxy. Such authority is not implied but is specifically granted in sub-paragraph (e) of that section which authorizes the corporation "to make by-laws . . . determining . . . the manner of electing its officers and directors, the mode of voting by proxy, . . . ." We think that this right to determine the mode of voting by proxy is vested in the corporation and that it contemplates the right of the corporation alone to determine whether proxies shall be used at all; and that, if proxies are to be used, they must be previously authorized by some formal act of the corporation itself, at least in the absence of an established custom or practice to use proxy voting.

Thus, in the ordinary case, we do not agree with the respondent's contention that the power granted to the corporation to make bylaws determining the *mode* of voting by proxy necessarily presumes the right of the individual members to vote by proxy, regardless of whether the corporation has previously authorized such a mode of voting.

This view is further confirmed by sec. 77 of the same chapter which reads: "Any articles of association filed under the provisions of this article or the by-laws of any corporation organized under this article may provide that members may vote at meetings of the corporation by proxy duly authorized in writing, and may specify the conditions on which such proxy may be given and used." In the instant case the articles of association and bylaws of the corporation admittedly were silent concerning the right of members to vote by proxy or the specific conditions under which proxies might have been given and used; and there was no evidence of any established custom or usage of proxy voting.

In support of its position the respondent urges upon us a certain analogy between the case of *Bareham* v. *City of* Rochester, 246 N. Y. 140 and the instant case. We find no such analogy. That case concerned the constitutionality of a local law which had been actually passed by the city under a constitutional grant of power to prescribe "the mode of selection" and removal of its officers. In the instant case the fundamental difficulty is the failure of the respondent corporation to prescribe, under its statutory grant of power, any authorization to use proxy voting. Further, the court's interpretation of the scope of the words "mode of selection" in that case seems to provide an argument against, rather than for, the respondent's contention here.

The respondent further contends that the use of proxies at one meeting of the board of directors, without objection, justified their use at the annual meeting of the members of the corporation, even though there was no original authority for proxy voting. This contention is based on familiar principles of estoppel and waiver that are found in cases where the facts constitute a long-established usage, custom or acquiescence.

Even if we were to assume that it was proper for the directors at their own meeting to vote by proxy, rather than

in person, the sufficient answer to respondent's contention is that there is no evidence here of any long-established usage, custom or practice of proxy voting. The evidence at most shows only one isolated instance of the use of proxies by individuals at a meeting of the *board of directors*, and not at any general meeting of the *members of the corporation;* and this use at the *directors' meeting* was not authorized or known by the *general membership of the corporation.* These facts would hardly make up such a long-established practice or custom as would amount to acquiescence in that mode of voting; nor would they validate such proxy voting over objections by the complainants at the general meeting of the *members of the corporation.* The facts here are essentially different from those appearing in the text and cases cited by the respondent upon this point and therefore are completely distinguishable.

We are of the opinion, therefore, that the trial justice was correct in his rulings and findings under the provisions of secs. 75 and 77 of chap. 248, G. L. 1923, and under the undisputed facts in the instant case.

The respondent's appeal is denied, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Waldman & Waldman,* for complainants.

*John G. Coffey, Frank G. Shea,* for respondent.